# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

CHARLES W. THOMSEN and
MARIA I. THOMSEN,
                **Plaintiffs,**

      **v.**                                **Case No. 16-C-0259**

JPMORGAN CHASE BANK, N.A.,
                **Defendant.**

## DECISION AND ORDER

Plaintiffs Charles W. Thomsen and Maria I. Thomsen, proceeding pro se, filed a complaint in state court against JP Morgan Chase Bank, N.A. JP Morgan then removed the case to this court. Before me now is JP Morgan's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## I. BACKGROUND

According to the allegations of the complaint, on September 16, 2005, the plaintiffs took out first and second mortgages on their principal dwelling, located in Kenosha County, Wisconsin, from Washington Mutual Bank. Compl. ¶ 1. After Washington Mutual collapsed in 2008, JP Morgan purchased certain of its assets from the FDIC. *Id.* ¶¶ 2–3. The allegations of the complaint suggest that the plaintiffs' mortgages were among the Washington Mutual assets that JP Morgan purchased. However, the plaintiffs seem to dispute that their mortgages were assigned to JP Morgan. In any event, the plaintiffs allege that JP Morgan at least services their mortgages on behalf of those to whom they were assigned. *Id.* ¶ 4.

In their complaint, the plaintiffs allege that, during the closing on their mortgages in 2005, "numerous violations under the Truth in Lending Act" were committed. Compl. ¶ 9. The plaintiffs do not identify these alleged violations with specificity, but instead allege in conclusory fashion that the violations included "the fabricating of false personal information on their alleged 'Residential Loan Application' without their knowledge or consent and non-disclosure of material facts related to the alleged loan(s)." *Id.* The plaintiffs do not allege who committed these violations. But because the violations are alleged to have been committed during the closing on the mortgages, I presume that the plaintiffs intended to allege that they were committed by Washington Mutual or one of its agents. The plaintiffs allege that they discovered the alleged TILA violations in February 2015. *Id.*

The plaintiffs allege that, on July 14, 2015, they sent written "notices of rescission" of the two mortgages to various parties believed to be involved with the mortgages, including JP Morgan. Compl. ¶ 25. The plaintiffs allege that, by operation of a provision of TILA that grants a borrower a right to rescind a mortgage transaction in certain circumstances, *see* 15 U.S.C. § 1635, their sending the notices of rescission rendered the mortgages void. *Id.* ¶¶ 45, 48. Nonetheless, JP Morgan continues to collect, or at least attempt to collect, mortgage payments from the plaintiffs. *Id.* ¶ 29.

In 2016, the plaintiffs, proceeding pro se, filed the complaint in this action in state court in Kenosha County, seeking a declaratory judgment that their mortgages had been rescinded under TILA and rendered void. In the caption of the complaint, the

plaintiffs named only JP Morgan as a defendant.[1]  JP Morgan then removed the action

to this court, as the plaintiffs' claim arises under TILA, a federal law.  *See* 28 U.S.C.

§ 1331.  JP Morgan then moved to dismiss the complaint for failure to state a claim

upon which relief can be granted.

## II. DISCUSSION

JP Morgan argues that the complaint should be dismissed for two reasons: (1)

Under 15 U.S.C. § 1635(f), the plaintiffs' right to rescind their mortgage transactions

expired, at the latest, in 2008, yet the plaintiffs did not attempt to exercise this right until

2015.  (2) The plaintiffs never had a right to rescind their mortgages because such

mortgages were created during a "residential mortgage transaction," which, under

§ 1635(e)(1), is exempt from TILA's right of rescission.  Below, I address only the first

reason.

Under TILA, a borrower has three days to rescind a loan after obtaining it.  15

U.S.C. § 1635(a).  If the lender fails to make required TILA disclosures, the right of

rescission may be extended beyond three days.  However, TILA provides that the right

of rescission "expire[s]" three years after the date of consummation of the loan

transaction or upon the sale of the property that was encumbered as part of the loan

transaction, whichever occurs first.  15 U.S.C. § 1635(f).  This provision is not a statute

of limitations, but rather a specification that the right to rescind expires after three years.

*See Beach v. Ocwen Federal Bank*, 523 U.S. 410, 416–17 (1998).

---

[1] Although the plaintiffs wrote the Latin abbreviation "et al." after JP Morgan's name, no
other defendants have appeared, and the plaintiffs have not suggested that they
intended to sue any entity other than JP Morgan.  In any event, the complaint does not
state valid claims against any other defendants.

In the present case, the plaintiffs allege that the loan transactions they seek to rescind were consummated on September 16, 2005. Compl. ¶ 1. They further allege that they did not send rescission notices to JP Morgan or any other entity involved in the transactions until nearly ten years later, on July 14, 2015. *Id.* ¶ 25. Thus, the allegations of the complaint establish beyond doubt that the plaintiffs' right to rescind the transactions has expired, and that the plaintiffs have no valid claim under TILA.

In their complaint, and in their brief in opposition to JP Morgan's motion to dismiss, the plaintiffs state in conclusory fashion that their notices of rescission were "timely" under the "Doctrine of Equitable Tolling." Compl. ¶ 47; Br. in Opp. at 2. This doctrine applies "when the plaintiff, exercising due diligence, was unable to discover evidence vital to a claim until after the statute of limitations expired." *Moultrie v. Penn Aluminum Int'l, LLC*, 766 F.3d 747, 752 (7th Cir.2014). Here, however, § 1635(f) is not a statute of limitations, and thus the doctrine of equitable tolling does not apply. *See Beach*, 523 U.S. at 412–13 (recognizing that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3–year period," even if the lender has never made the required disclosures); *Sitthidet v. First Horizon Home Loans*, 633 F. App'x 407, 407 (9th Cir. 2016).

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that JP Morgan's motion to dismiss (ECF No. 9) is **GRANTED**. This action is dismissed, and the Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 18th day of January, 2017.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge